## FRANK HUGHES v. EMMET HERRIN.

Eastern Section.　December 18, 1926.

Petition for Certiorari denied by Supreme Court, April 6, 1927.

1. **Pleading.　Profert must be made of a note sued on or if the instrument is lost or destroyed an affidavit filed in lieu thereof.**

   Under the Statute, section 4608 of Shannon's Code, profert is required and a demurrer may be filed for want thereof and the omission to make profert when questioned under demurrer is fatal to the action.

2. **Pleading.　Failure to make profert must be taken advantage of by demurrer.**

   Want of profert or the want of an affidavit can only be taken advantage of by demurrer and the omission of profert or affidavit is cured by verdict.

3. **Pleading.　Demurrer.　Demurrer on ground that profert of note was not made held not to attack pleading because affidavit was not filed since note was lost.**

   In an action to recover on a note where profert was not made of the note but the plea stated that the note had been lost and no affidavit was made as required by statute held that a demurrer on the sole ground that profert of the note was not made was properly overruled because the court should not construe it to cover the failure to file the affidavit required.

4. **Bills and notes.　It is not necessary to sue the maker of a note before recovering from the endorser.**

   Having the right to sue the endorser alone, the defendant could not therefore control this matter, and himself intrude another defendant for the purpose of litigating in this suit any possible issue that might mature between himself and the maker of the note.　Neither is his liability minimized in any way by the difficulties that may confront him in getting redress from the maker of the note.　All these are risks that are foreclosed so far as the endorsee is concerned by the signature of endorsement.　The plaintiff cannot be compelled, in view of the joint and several liability under the statute, to sue the maker with the endorser in order to accomodate the convenience of the endorser.

5. **Bills and notes.　Mere neglect to bring suit on a note is not negligence.**

   Where the evidence showed that plaintiff had from time to time tried to collect his note both from the maker and the endorser, held that his neglect to bring suit was not negligence which would bar his recovery against the endorser.

6. **Appeal and error.　Matters of amendments, continuance and taxation of costs are within the sound discretion of the trial court.**

   Matters of amendment, continuance and taxation of costs are within the sound discretion of the trial court, and will not be interfered with except for abuse of such discretion, or manifest injustice.

Appeal from Law Court, Washington County; Hon. D. A. Vines, Judge.

Affirmed.

Cox & Taylor, of Johnson City, for appellant.

George M. Dunn, of Johnson City, for appellee.

SNODGRASS, J. This is the suit of the endorsee, to collect from the endorser, money on a lost note, which the maker of the note (who·was not sued) borrowed from the endorsee. The maker, it seems, became a nonresident of Washington county, and a suit was started against him and the endorser, and a counterpart of the warrant was issued for the maker. The plaintiff, however, concluded that he could not get along with the matter in this way, took a voluntary nonsuit, and thereupon brought this action against the endorser alone. The defendant in the warrant was summoned to answer the complaint of F. E. Hughes in a plea of debt due iby debt as endorser on note made by R. C. Chesney, payable to F. E. Hughes, dated February 15, 1924, principal $200, interest for twenty-two months $20, attorney's fee $22, making a total of $242. It was further averred in the warrant that the said note was lost, without fault of plaintiff, and that he had made diligent search for the same.

A demurrer was filed to the warrant, making the question that the warrant did not make profert of the note sued on, nor was there (it was insisted) any explanation as to why same is not produced. Whereupon it was prayed that the suit against him be dismissed.

The justice gave judgment for $282.55, seemingly taking no notice of the demurrer, and the defendant appealed.

In the circuit court the bill of exceptions recites that the warrant was read, and that defendant called up his demurrer filed in the cause; that thereupon upon application of the plaintiff he was allowed to amend the warrant, which, being done the demurrer was then overruled; to which action of the court in not sustaining said demurrer altogether, and in not dismissing plaintiff's suit, the defendant excepted. The amendment referred to amplified the previous explanation as to the loss of the note and explained the purposes and circumstances of its execution, averring that the note was with a bunch of notes aggregating some fourteen hundred dollars, which were stolen from plaintiff prior to the institution of the suit, and that he had never been able to locate or recover same, and that it is now lost; that the same was not intentionally lost, and that after careful and diligent search and inquiry plaintiff was not able to locate the note, nor did he know where it was at the time, and that, therefore, he was unable to make profert. But he averred it was his property, and tendered a bond of indemnity in accordance with section 5697 of Shannon's Code. The amended warrant described the note fully, with the provision as to waiver of demand, notice of protest, etc.

After overruling the demurrer as indicated, the cause was then heard before His Honor Judge D. A. Vines, without the interven-

tion of a jury, who gave judgment in favor of the plaintiff and against the defendant in the sum of $244. Motion for a new trial being overruled the defendant has appealed to this court, and assigns the following errors:

"(1)   The court erred in not sustaining the demurrer of plaintiff in error to the warrant or declaration filed in the cause, both as to the original declaration and the amended declaration, which challenged the sufficiency of either declaration in not making profert of the instrument sued on, or satisfactorily accounting for its absence.

"(2)   The court erred in not taxing all the costs in the cause to the defendant in error, and erred in taxing all or any part of the costs to the plaintiff in error.

"(3)   The court erred in not granting the motion of plaintiff in error for a continuance of the cause to the next term of the court, or until service could be had on R. C. Chesney, so as to make him a defendant in plaintiff's suit in the law court.

"(4)   The court erred in rendering judgment against plaintiff in error, when the maker of the note was not before the court.

"(5)   The court erred in permitting defendant in error to amend his declaration.

"(6)   The court erred in not holding that defendant in error could not recover on said note, for the reason he had negligently allowed the maker to escape payment thereon, and that it was his neglect and laches that necessitated any suit against plaintiff in error.

"(7)   There is no evidence to support the verdict.

"(8)   The judgment of the court is contrary to the law."

We think the only question that can arise in this case is as to whether the demurrer sufficiently raised the question of the absence of an affidavit, which could have been filed in lieu of the note containing the endorsement sued upon. The note and endorsement, being the foundation of the action, should have been proffered with the warrant. But this is not insuperable; profert may be waived. If profert is seasonably required, it must be made, and this fact illustrates the difficulty that the holder would find himself in upon such a demand when suing upon a lost instrument. To remedy this difficulty the statute of 1819 (5694 Shannon's Code) was passed. This statute provides that—

"Any lost instrument may be supplied by affidavit of any person acquainted with the facts, stating the conditions thereof as near as may be, and that such instrument has been unintentionally lost or mislaid, and is still the property of the person claiming under it, unpaid and unsatisfied."

It would seem under the holding that this affidavit is designed to take the place of the lost instrument, and may itself be used as the profert required on demand. No such affidavit was made or tendered in this case, and it was only on the trial of the cause that proof was made of the loss of the instrument and of its contents, which, if it had been reduced to writing and filed, would have operated as a substitute for the note and a sufficient profert to answer all the requirements of the original.

Our statute provides (section 4608 of Shannon's Code) that profert shall be required as heretofore, and a demurrer may be filed for want thereof; and our profert law, as now construed by the editor in notes to the section, is that all instruments sued on as the foundation of the action, whether sealed or unsealed, must be made profert of, and it is stated in Note 3 under said section that:

"If profert is not made of the instrument sued on, and there is a demurrer to the declaration for that cause, the omission of the profert is fatal; for the provision of the statute is conclusive, and the profert, when noticed by special demurrer, cannot be dispensed with." Citing: Everly v. Marable, 2 Yerg., 113; Williams v. Bryan, 5 Cold., 106-7.

Of course profert cannot be made of the original instrument if it has been lost, and in the present case profert was not attempted to be made of the lost note, but an excuse was plead as a reason for such failure, which we think may be done. "It is a rule in all pleading at common law, that where deeds, (but not simple contracts) letters testamentary, or letters of administration, are alleged, by virtue of which the party founds either his claim or his defense, profert of them must be made. If profert be not made in such cases, the pleader must make a sufficient excuse for the omission, as that the deed is lost or destroyed by time or accident and that its production is impossible, or that the document is in the hands of a third party." Ency. Pl. & Pr., Vol. 16, page 1085, section 4.

This excuse, it thus appears, may be made in the plea, which ordinarily does not have to be sworn to, and this is exactly what was done in this case. The infirmity of the warrant was therefore not in failing to make profert of the orignal note, nor in not offering any explanations as to the reasons therefor, but in failing to make profert of an affidavit in lieu of the original note; to which infirmity, unless by construction, the demurrer did not address itself at all. Had the demurrer stated that no profert was made, either of the note or an affidavit in lieu thereof, we think the question would have been fairly made; but we do not think the demurrer should be stretched by any intendment or construction to cover a case not made expressly or by any terms necessarily inclusive, and therefore as to the real question it stood as if no demurrer had been interposed at all.

"Want of profert, or the want of an affidavit excusing its omission, can only be taken advantage of by demurrer, and the omission of profert or affidavit is cured by verdict." Note 4 under section 4608, citing a number of cases, among them 6 Humphrey, 451, where it was held:

"The declaration sets forth the cause of action as arising out of the execution of a promissory note, and the endorsement of the defendant, and instead of making profert thereof assigns as an excuse for not doing so that the same had been lost. This declaration was not at the time it was filed accompanied with an affidavit of the truth of the fact alleged, for which reason the judgment rendered in the case in favor of the bank was arrested by the court below. The defendant took no objection for the want of the affidavit, but plead to the merits of the case, and went to trial without insisting upon this defect. Having done so we are of opinion that he is too late in seeking to take advantage of it by motion in arrest. The want of profert when it is required by law cannot be taken advantage of but by special demurrer, and is not a good cause for an arrest of judgment. This point is abundantly settled by the books. If then, the want of profert is cured after verdict, surely the want of an affidavit as to the truth of a reason assigned for not making it, will be so likewise. As to the objection that a court of law has no jurisdiction as against the endorser upon the lost endorsement, all that it is necessary to observe is, that it is given in express words by the Act of 1919, chap. 27, sec. 1, viz:

" 'Other instruments of writing for the payment of money, or other valuable thing.'

"It has never been questioned in the courts since the passage of this statute that this jurisdiction exists. Reverse the judgment on the motion in arrest and give judgment on the verdict for the plaintiff."

The finding and judgment of the court being equivalent to a verdict, and the demurrer having made no question as to the absence of an affidavit, the case just stated is, we think, to all intents and purposes a direct authority in this case. We think the Circuit Judge was not in error in overruling the demurrer.

The case just cited also disposes of adversely the fourth assignment, to the effect that no judgment could be rendered against the endorser (the plaintiff in error) when the maker of the note was not before the court. Having the right to sue the endorser alone, the defendant could not therefore control this matter, and himself intrude another defendant for the purpose of litigating in this suit any possible issue that might mature between himself and the maker of the note. Neither is his liability minimized in any way by the difficulties

that may confront him in getting redress from the maker of the note. All these are risks that are foreclosed so far as the endorsee is concerned by the signature of endorsement. The plaintiff cannot be compelled, in view of the joint and several liability under the statute, to sue the maker with the endorser in order to accommodate the convenience of the endorser, and it would be manifestly improper to continue the case in order to allow the defendant endorser to bring the maker before the court as a participant in the litigation. The third assignment is therefore overruled.

Mere neglect to bring suit is not negligence, but with respect to this claim the testimony of the plaintiff was, that he had sought to collect the money from the maker of the note several times, and the maker would put him off; that after talking to the maker he would talk to the defendant endorser, who kept assuring him that the maker would pay it, and that the matter drifted along until the plaintiff was compelled to place said note in the hands of his attorneys; that everything he had done in the matter had been agreeable to the defendant, who it was claimed never told him to collect said note from the maker while the maker was there, stating that the maker had property and that the money could be made; that he had investigated or inquired about the maker's property, and found that he had nothing except possibly an automobile and household and kitchen furniture, which was, as he understood, encumbered by title retained contracts.

The defendant Herrin admitted that he had endorsed the note for $200 sometime ago to accommodate the maker, Chesney, but stated that he expected to be notified when the note had not been paid by Chesney, and that when same was due he was working and had property, and that it could have been made. And it was claimed that if he was liable, he wanted to recover from the maker, Chesney, as he was working and had property and he could make it; but he did not think he was liable, as he had never received anything from same, and he denied he was liable. He said he thought said note had been paid long before he was sued; that said Chesney remained here (meaning Johnson City) until February or March, 1925, nine or ten months after the note was due, and that same could have been collected off of him; and if it had not been he intended to collect off of him should he have to pay the same.

In rebuttal the plaintiff denied, if it had been material, that defendant told him to collect the note off of Chesney, and that he was working and had property and could make it, and that neither Chesney nor Mr. Herrin had ever denied liability on the note; that defendant could not have thought said note had ever been paid, as he had advised with him about it all the time and had been trying to get him to pay it without suit, up until suit was brought; and he

6 T. A.—39,

also stated that in his opinion said note could not have been made off of Chesney, as what little property he had was encumbered.

The plaintiff had previously testified, without objection, that on February 15, 1924 he loaned R. C. Chesney $200; that before he loaned this money Chesney came to him and asked him if he would let him have it, and the plaintiff told him he would if he would give him a good endorser; that Chesney suggested someone, possibly one Collins, and plaintiff refused to accept him; that thereupon Chesney suggested the defendant Emmet Herrin, and plaintiff told him that he (Emmet Herrin) would be all right; that thereafter, in a day or two, defendant presented plaintiff a note executed on a regular blank form used by the People's Bank of Johnson City, Tennessee, that this note was dated February 15, 1924, due and payable to Frank E. Hughes or order, four months after date, with interest from date at the rate of six per cent per annum, and providing for the payment of ten per cent attorney's fee in event default was made in its payment at maturity and same was placed in the hands of an attorney for collection; that it also provided that the makers and endorsers waived demand, protest and notice, both in the face of the note and on the back, and was signed by R. C. Chesney as maker, and endorsed on the back by defendant Herrin; that upon this note being presented plaintiff said it was all right, accepted it, and thereupon loaned the said R. C. Chesney the $200; that the said note cannot be filed by reason of the fact that the same is now lost or stolen, without fault on the part of the plaintiff; that before said note or indebtedness was placed with his said attorneys for collection plaintiff had several notes stolen from him, all amounting to something over $1400, and that this Chesney-Herrin note was among the number stolen; that plaintiff has done everything within his power to recover said notes, or find out who got them, or where they are, but has never been able to learn anything about them; and that he does not now know where any of said notes are, and cannot produce the note in question for this reason; that he has been diligent and careful in his endeavor to locate said note, but that it is stolen, and not in his possession for this reason; that said note was never transferred, and he is now the bona-fide owner of said note or indebtedness, and he tendered to defendant an indemnity bond in the penal sum of $488 in accordance with section 5697 of Shannon's Code for such cases provided in lieu of said stolen note; which bond was offered and identified as "Exhibit B" to the testimony.

It is thus seen that there is evidence to sustain the judgment, and the seventh assignment to the effect that there is none, is overruled, as it is not now and here a question of the weight or preponderance of the testimony.

The eighth assignment, that the judgment is contrary to law, is overruled, as no law is pointed out that it contravenes.

In the sixth assignment it is insisted that the plaintiff negligently allowed the maker to escape payment, and that it was his neglect and laches that necessitated any suit against the plaintiff in error, and that for this reason plaintiff should not recover. But we see no proven condition that involves such a general claim, and the same is also overruled.

Matters of amendment, continuance and taxation of costs are within the sound discretion of the court, and will not be interfered with except for abuse of such discretion, or manifest injustice, which has not been shown in this case.

All assignments of error are therefore overruled, and the judgment of the trial judge affirmed, with costs against the plaintiff in error, except half of the costs in the lower court, which will be taxed against the plaintiff below.

Portrum and Thompson, JJ., concur.